# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| ROBERTO DURAND, | Case No.: 3:21-cv-00348-MMD-WGC |
| Plaintiff | **Report & Recommendation of**<br>**United States Magistrate Judge** |
| v. | Re: ECF Nos. 1, 1-1 |
| NV ACLU, | |
| Defendant | |

This Report and Recommendation is made to the Honorable Miranda M. Du, United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and the Local Rules of Practice, LR 1B 1-4.

Plaintiff has filed an application to proceed in forma pauperis (IFP) (ECF No. 1) and pro se complaint (ECF No. 1-1).

## I. IFP APPLICATION

A person may be granted permission to proceed IFP if the person "submits an affidavit that includes a statement of all assets such [person] possesses [and] that the person is unable to pay such fees or give security therefor. Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress." 28 U.S.C. § 1915(a)(1).

The Local Rules of Practice for the District of Nevada provide: "Any person who is unable to prepay the fees in a civil case may apply to the court for authority to proceed [IFP]. The application must be made on the form provided by the court and must include a financial affidavit disclosing the applicant's income, assets, expenses, and liabilities." LSR 1-1.

1    "[T]he supporting affidavits [must] state the facts as to [the] affiant's poverty with some

2    particularity, definiteness and certainty." *U.S. v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981)

3    (quotation marks and citation omitted). A litigant need not "be absolutely destitute to enjoy the

4    benefits of the statute." *Adkins v. E.I. Du Pont de Nemours & Co.*, 335 U.S. 331, 339 (1948).

5        An inmate submitting an application to proceed IFP must also "submit a certificate from

6    the institution certifying the amount of funds currently held in the applicant's trust account at the

7    institution and the net deposits in the applicant's account for the six months prior to the date of

8    submission of the application." LSR 1-2; *see also* 28 U.S.C. § 1915(a)(2). If the inmate has been

9    at the institution for less than six months, "the certificate must show the account's activity for

10   this shortened period." LSR 1-2.

11       If a prisoner brings a civil action IFP, the prisoner is still required to pay the full amount

12   of the filing fee. 28 U.S.C. § 1915(b)(1). The court will assess and collect (when funds exist) an

13   initial partial filing fee that is calculated as 20 percent of the greater of  the average monthly

14   deposits or the average monthly balance for the six-month period immediately preceding the

15   filing of the complaint. 28 U.S.C. § 1915(b)(1)(A)-(B). After the initial partial filing fee is paid,

16   the prisoner is required to make monthly payments equal to 20 percent of the preceding month's

17   income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency that has custody

18   of the prisoner will forward payments from the prisoner's account to the court clerk each time

19   the account exceeds $10 until the filing fees are paid. 28 U.S.C. § 1915(b)(2).

20       Plaintiff's certified account statement indicates that his average monthly balance for the

21   last six months was $1.43, and his average monthly deposits were $0.

22       Plaintiff's application to proceed IFP should be granted. Given that Plaintiff's average

23   monthly balance is only $1.43, Plaintiff should not be required to pay an initial partial filing fee;

however, whenever his prison account exceeds $10, he must make monthly payments in the amount of 20 percent of the preceding month's income credited to his account until the $350 filing fee is paid.

## II. SCREENING

**A. Standard**

Under the statute governing IFP proceedings, "the court shall dismiss the case at any time if the court determines that-- (A) the allegation of poverty is untrue; or (B) the action or appeal-- (i) is frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(A), (B)(i)-(iii).

In addition, under 28 U.S.C. § 1915A, "[t]he court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). In conducting this review, the court "shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint-- (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b)(1)-(2).

Dismissal of a complaint for failure to state a claim upon which relief may be granted is provided for in Federal Rule of Civil Procedure 12(b)(6), and 28 U.S.C. § 1915(e)(2)(B)(ii) and 28 U.S.C. § 1915A(b)(1) track that language. As such, when reviewing the adequacy of a complaint under these statutes, the court applies the same standard as is applied under Rule 12(b)(6). *See e.g. Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). Review under Rule

1  12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Lab. Corp. of America*, 232

2  F.3d 719, 723 (9th Cir. 2000) (citation omitted).

3      The court must accept as true the allegations, construe the pleadings in the light most

4  favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. *Jenkins v. McKeithen*,

5  395 U.S. 411, 421 (1969) (citations omitted). Allegations in pro se complaints are "held to less

6  stringent standards than formal pleadings drafted by lawyers[.]" *Hughes v. Rowe*, 449 U.S. 5, 9

7  (1980) (internal quotation marks and citation omitted).

8      A complaint must contain more than a "formulaic recitation of the elements of a cause of

9  action," it must contain factual allegations sufficient to "raise a right to relief above the

10  speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "The pleading

11  must contain something more … than … a statement of facts that merely creates a suspicion [of]

12  a legally cognizable right of action." *Id*. (citation and quotation marks omitted). At a minimum, a

13  plaintiff should include "enough facts to state a claim to relief that is plausible on its face." *Id*. at

14  570; *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

15      A dismissal should not be without leave to amend unless it is clear from the face of the

16  complaint that the action is frivolous and could not be amended to state a federal claim, or the

17  district court lacks subject matter jurisdiction over the action. *See Cato v. United States*, 70 F.3d

18  1103, 1106 (9th Cir. 1995); *O'Loughlin v. Doe*, 920 F.2d 614, 616 (9th Cir. 1990).

19  **B. Plaintiff's Complaint**

20      Plaintiff sues the Nevada ACLU for deciding not to give him assistance at various times,

21  and for discriminating against him.

22      42 U.S.C. § 1983 provides a mechanism for the private enforcement of substantive rights

23  conferred by the Constitution and federal statutes. Section 1983 "is not itself a source of

substantive rights, but merely provides a method for vindicating federal rights elsewhere conferred." *Albright v. Oliver*, 510 U.S. 266, 271 (1994) (internal quotation marks and citation omitted). To state a claim under section 1983, a plaintiff must allege: (1) his or her civil rights were violated, (2) by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48-49 (1988).

ACLU Nevada is an affiliate of the nationwide organization of the American Civil Liberties Organization, and is a non-partisan organization involved in advancing the civil liberties and civil rights in Nevada. *See https://www.aclunv.org/en/about/about-us*, last visited August 17, 2021. As a private organization, the ACLU Nevada is not a state actor subject to suit under section 1983. Therefore, this action should be dismissed with prejudice.

### III. RECOMMENDATION

IT IS HEREBY RECOMMENDED that the District Judge enter an order:

(1) **GRANTING** Plaintiff's IFP application (ECF No. 1). Plaintiff should not be required to pay an initial partial filing fee; however, whenever his prison account exceeds $10, he is required to make monthly payments in the amount of 20 percent of the preceding month's income credited to his account until the full $350 filing fee is paid. This is required even if the action is dismissed, or is otherwise unsuccessful. The Clerk should be directed to **SEND** a copy of an order adopting and accepting this Report and Recommendation to the attention of **Chief of Inmate Services for the Nevada Department of Corrections**, P.O. Box 7011, Carson City, Nevada 89702.

(2) The complaint (ECF No. 1-1) should be **FILED**.

(3) The action should be **DISMISSED WITH PREJUDICE**.

Plaintiff should be aware of the following:

1. That he may file, pursuant to 28 U.S.C. § 636(b)(1)(C), specific written objections to this Report and Recommendation within fourteen days of being served with a copy of the Report and Recommendation. These objections should be titled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the district judge.

2. That this Report and Recommendation is not an appealable order and that any notice of appeal pursuant to Rule 4(a)(1) of the Federal Rules of Appellate Procedure should not be filed until entry of judgment by the district court.

Dated: August 17, 2021

William G. Cobb
United States Magistrate Judge